UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

AARON SAUCIER (#4807)                                                       CIVIL ACTION

VERSUS

DAVID JONES                                                          NO. 15-0419-JWD-RLB

**ORDER**

This matter comes before the Court on the plaintiff's Amended Complaint (R. Doc. 6), which the Court interprets to be a Motion for Relief from Judgment brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. This Motion shall be denied.

Pursuant to Judgment dated October 19, 2015 (R. Doc. 5), the above-captioned proceeding was dismissed for failure of the plaintiff to correct the deficiencies in his pleadings of which he was notified. The plaintiff did not take an appeal from that Judgment. Now, approximately two weeks after the entry of judgment, the plaintiff has submitted pleadings to the Court in an apparent attempt to correct the noted deficiencies. He thus seeks to re-open this proceeding and obtain a substantive consideration of his original claim.

Rule 60(b) provides that relief from a judgment or order may be had for (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) fraud, misrepresentation or misconduct by an opposing party, (4) a void judgment, (5) a judgment that has already been satisfied, is no longer equitable, or has effectively been overturned, or (6) any other reason that justifies such relief. The plaintiff has made no attempt whatsoever to explain or justify his failure to comply with the Court's deficiency notice. Nor has he provided any factual assertions which would support the applicability of any of the first five subsections of Rule

60(b).  Further, to the extent that the plaintiff's pleading may be interpreted as seeking relief under the catch-all provision of Rule 60(b)(6), the motion fares no better.  This provision allows a Court to vacate a judgment for "any other reason that justifies such relief" and provides a residual clause meant to cover unforeseen contingencies and to accomplish justice in exceptional circumstances.  *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007).  The relief afforded by Rule 60(b)(6) is meant to be extraordinary relief, and it requires that the moving party make a showing of extraordinary circumstances justifying such relief.  *Hess v. Cockrell*, 281 F.3d 212, 216, (5th Cir. 2002).  In the instant motion, the plaintiff has made no showing of unusual or unique circumstances to support the application of Rule 60(b)(6).

Finally, whereas the plaintiff has complied with the Court's deficiency notice in part, his Complaint continues to be deficient.  Specifically, the Court's deficiency notice instructed the plaintiff that he must provide the facts of his case, describing the incident(s) complained of, the specific actions taken by the defendant, the location and date of the incident(s), the relief requested, and any other facts that will allow the Court to understand the nature of the claim and the factual basis of the events complained of.  *See* R. Doc. 3.  The plaintiff has failed to comply.  Instead he has resubmitted his Complaint with no changes whatsoever to his Statement of Claim. *See* R. Docs. 1 and 4 at p. 4.  Accordingly, the plaintiff has not shown that he is entitled to reinstatement of his claim; therefore,

**IT IS ORDERED** that the plaintiff's Motion for Relief from Judgment (Rec. Doc. 6) be and is hereby **DENIED**.  Judgment shall be entered accordingly.

Signed in Baton Rouge, Louisiana, on December 3, 2015.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**